IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JUSTIN LASTER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**GEORGIA DEPARTMENT OF CORRECTIONS and MACON STATE PRISON,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:21-cv-00464-TES** |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

*Pro se* Plaintiff Justin Laster brings multiple claims against Defendants Georgia Department of Corrections and Macon State Prison arising from his employment as a corrections officer at Macon State Prison. *See generally* [Doc. 19]. Plaintiff's Amended Complaint [Doc. 19] alleges Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] Title I and II of the Americans with Disabilities Act ("ADA"),[2] Georgia's Equal Employment for the Handicapped Code ("GEEHC"),[3] Georgia's Fair Employment Practices Act ("FEPA"),[4] 42 U.S.C. § 1981, and the Fourteenth Amendment

---

[1] 42 U.S.C. § 2000e, *et seq.*

[2] 42 U.S.C. § 12101, *et seq.*

[3] O.C.G.A. § 34-6A-1, *et seq.*

[4] O.C.G.A. § 45-19-20, *et seq.*

to the United States Constitution.[5]

Plaintiff's Amended Complaint asserts that Defendants assigned him—and other male correctional officers[6]—more strenuous work as compared to female correctional officers. [Doc. 19, p. 5]. Plaintiff alleges that these assignments violated the "Georgia Department of Corrections Rotation Policy," which requires rotating correctional officers every 90 days to new posts. [*Id.* at pp. 4–5]. Further, Plaintiff alleges that on May 24, 2019, he strained his chest muscle while lifting a heavy cooler by himself, since no other guard was available to help. [*Id.* at pp. 5, 8]. Plaintiff reported this injury to his supervisor and claimed workers' compensation. [*Id.* at p. 6]. Plaintiff alleges that Defendants did not properly accommodate his short-term disability by granting his requested accommodations and work restrictions. [*Id.* at p. 11].

Following his injury, Plaintiff missed work for at least four consecutive days. [*Id.* at p. 6]. Due to these absences, Plaintiff's supervisor assumed Plaintiff quit and sent him a voluntary resignation document. [*Id.* at p. 7]. Defendants gave Plaintiff five days to appeal the decision by contacting the human resources designee, Komola Edwards. [*Id.*]. Plaintiff asserts that he faxed Edwards 9 pages of documents related to his injury

---

[5] Plaintiff's Amended Complaint also mentions Georgia's Workers' Compensation, O.C.G.A. § 34-9-80, *et seq.*, at various points. [Doc. 19, p. 9]. To the extent Plaintiff seeks to bring a claim under that section, Georgia law bars him from filing that claim in this Court. Rather, Plaintiff must file any claim for workers' compensation with the Georgia State Board of Workers' Compensation. *See Doss v. Food Lion, Inc.*, 108 F.3d 294 (11th Cir. 1997) (citing *Doss v. Food Lion, Inc.*, 477 S.E.2d 577, 579 (Ga. 1996)); *Prine v. Chailland Inc.*, 402 F. App'x 469 (11th Cir. 2010); *see also* O.C.G.A. § 34-9-103(a).

[6] Plaintiff doesn't seek to certify a class or bring these claims on behalf of other male correctional officers.

2

and disputed that he had voluntarily resigned. [*Id.*]. Interestingly, Plaintiff's Amended Complaint doesn't clarify what happened next.[7]

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 27, 2019. [*Id.*]. Plaintiff alleges that the EEOC initially lost his charge, but finally investigated his claims in September 2021, which culminated with a right to sue letter. [*Id.* at p. 4]. Plaintiff filed his initial Complaint [Doc. 1] on December 28, 2021. The Court granted Plaintiff's Motion to File an Amended Complaint [Doc. 19] on July 11, 2022. [Doc. 20]. Defendants filed the present Motion to Dismiss [Doc. 22] on July 20, 2022.

## **LEGAL STANDARD**

Defendants seek to dismiss Plaintiff's action against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy

---

[7] Plaintiff's Amended Complaint does not tell the Court if he was terminated, if Defendants accepted his disputed voluntary resignation, or if he attempted to return to work. Based on the language in his Amended Complaint, the Court assumes—although it is not required to—that he was terminated. *See Quality Food de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir. 1983).

3

judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take

all of the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## **DISCUSSION**

To start, Plaintiff's Amended Complaint altogether fails to satisfy the pleading requirements set forth in Federal Rules of Civil Procedure 8(a) and 10(b). Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that

5

the pleader is entitled to relief." *Twombly*, 550 U.S. at 554. Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]" Here, Plaintiff fails to allege facts that support his claims for relief. Instead, his pleading consists of legal conclusions couched as factual allegations. When you "strip away all the puffery of Plaintiff's impermissibly pled legal conclusions," it is clear that Plaintiff's dispute is with his workplace assignment, not discrimination. Order Overruling Plaintiff's Rule 72-Based Objection, *Mosier v. Malcolm*, No. 5:20-cv00308-TES-MSH (M.D. Ga. Sept. 1, 2022), ECF No. 176, p. 5. Plaintiff spends most of his time making legal arguments and citing irrelevant caselaw, rather than alleging facts that plausibly support his various claims. *See generally* [Doc. 19]. However, the Court is not expected to "serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1259, 1369 (11th Cir. 1998).

      It is also important to note that the Court granted Plaintiff's motion to amend his complaint. *See* [Doc. 20]. That came after the Court conducted a frivolity review of his initial Complaint, *see* [Doc. 3], and Defendants filed their first Motion to Dismiss [Doc. 13]—both of which outlined the need for more factual allegations to support Plaintiff's claims. Plaintiff didn't heed the Court's suggestions. Plaintiff's Response [Doc. 24] to this motion proved to be less helpful as he simply copied the majority of his Response from his Amended Complaint. *See* [Doc. 24]. But, the Court takes a record as it finds it.

With that in mind, the Court reviews each of Plaintiff's claims in turn.

A.   **Macon State Prison**

Plaintiff names Macon State Prison as a separate Defendant from the Georgia Department of Corrections. [Doc. 19]. But, as Defendants correctly point out, Macon State Prison is not a separate legal entity and therefore cannot be sued. [Doc. 22, p. 5].

Georgia law—the law of the forum state—governs the analysis in determining if Macon State Prison is capable of being sued. *See* Fed. R. Civ. Pro. 17(b). Georgia law makes it clear that individual prisons are not separate entities—rather, each prison is a unit of the Georgia Department of Corrections. *See Trammell v. Ga. Dep't of Corr.*, No. 5:19-cv-00204-TES, 2019 WL 5087487, at *1 n.2 (M.D. Ga. Oct. 10, 2019). Accordingly, Macon State Prison is not a separate legal entity capable of being sued. *See Jamelson v. Unnamed Defendant*, No. 6:17-cv-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017); *see also Lawal v. Fowler*, 196 F. App'x 765 (11th Cir. 2006). Any claim lodged against Macon State Prison necessarily fails.

B.   **Title VII**

Title VII makes it unlawful for an employer "to discharge [. . .] or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex." 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful for an employer to "discriminate against any individual [. . .] because he opposed any practice made unlawful by [this Act,] or

because he has made a charge, testified, [or] assisted [with an investigation.]" 42 U.S.C. § 2000e-3(a).

### 1. Sex Discrimination

To establish an employment discrimination claim, a plaintiff must allege that an employer intentionally discriminated against him based on a protected characteristic. *Walker v. NationsBank*, 53 F.3d 1548, 1556 (11th Cir. 1995). A plaintiff can show intentional discrimination through either direct evidence or circumstantial evidence. *Shannon v. Nat'l R.R. Passenger Corp.*, 774 F. App'x 529, 540 (11th Cir. 2019) (citing *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010)). "Under the *McDonnell Douglas* framework, a plaintiff can create an inference of discrimination through his prima facie case." *Vessells v. Atlanta Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) (citing *McDonnell Douglas*, 411 U.S. at 802). For a *prima facie* case of sex discrimination, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) he was either replaced by a person outside his protected class or treated less favorably than a "similarly situated" individual outside his protected class. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc).

That being said, the Supreme Court has made it clear that "an employment discrimination plaintiff need not plead a *prima facie* case of discrimination [under the *McDonnell Douglas* framework] . . . to survive a motion to dismiss[.]" *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 510–11 (2002). "This is because *McDonnell Douglas's* burden-shifting framework is an evidentiary standard, not a pleading requirement." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). To elaborate on this point, the Eleventh Circuit has held that "to state a [sex discrimination] claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Id.* (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 1239, 1246 (11th Cir. 2015)); *see Gomez v. City of Doral*, No. 21-11093, 2022 WL 19201, at *2 (11th Cir. Jan. 3, 2022) (stating that "[t]he pertinent question, as always, is whether [plaintiff's] complaint provides enough factual matter (taken as true) to suggest intentional . . . discrimination[]"). Thus, Plaintiff need only allege facts sufficient to state a plausible claim that Defendant violated Title VII. *See Jacob v. Biando*, 592 F. App'x 838, 840–41 (11th Cir. 2014). However, even under this rudimentary pleading standard, the Court cannot conclude that the factual allegations set forth in Plaintiff's Amended Complaint plausibly suggest discrimination because of his sex.

Plaintiff first fails to show that he suffered an adverse employment action at the hands of his employer, the Department of Corrections. To properly allege an adverse employment action, Plaintiff must provide factual assertions to support the allegation that he faced a "material change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001), *overruled on other grounds* by *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006). Plaintiff has not done that.

Instead, at most, Plaintiff's Amended Complaint implies that "harder" work assignments constitute adverse employment actions. However, our law has long made it clear that "work assignments strike at the very heart of an employer's business judgment and expertise, [and] absent unusual circumstances, they typically do not constitute adverse employment actions." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 800 (11th Cir. 2014). Indeed, even more difficult work assignments do not generally constitute discrimination in violation of Title VII. *See White v. Hall*, 389 F. App'x 956 (11th Cir. 2010). Additionally, Plaintiff's claim that Defendants violated their own internal procedures by failing to rotate correctional officers does not provide a basis for inferring discrimination in this case. *See Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1350 (11th Cir. 2007); *Boykin v. Bank of America Corp.*, 162 F. App'x 837, 839 (11th Cir. 2005).

Finally, even if the Court accepted that Plaintiff faced an adverse action, he has not shown any facts to support the fourth requirement of the prima facie case—showing that someone outside of his protected class received more favorable treatment than him. *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1221 (11th Cir. 2019). Instead, Plaintiff suggests that his employer treated *every* female correctional officer at Macon State Prison better than him. [Doc. 19, p. 5]. When referring to all female officers at once, he necessarily fails to show how they compare to him by rank, job responsibilities, supervisor, disciplinary records—anything that will show them to be comparable to

him in all "material respects." An entire group of comparators, without more specifics, makes it impossible for the Court to determine if any comparator is at least plausibly "similar in all material respects." *See Andrews v. Bd. of Regents of Univ. Sys. of Georgia*, 565 F. Supp. 3d 1343, 1352–53 (M.D. Ga. 2021) (citing *Lewis*, 918 F.3d at 1227 (11th Cir. 2019)); *see also Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1353 (N.D. Ga. 2017) (holding that "other Caucasian executive assistants []" was too broad to provide a sufficient comparator at the motion to dismiss stage). Thus, his claim for sex discrimination in his work assignment necessarily fails.

Plaintiff's Amended Complaint just doesn't allege any facts to show that Defendants discriminated against him *because* he is a man in an unlawful way. Accordingly, Plaintiff fails to assert sufficient facts to support a viable Title VII sex discrimination claim.

### 2. **Retaliation**[8]

Plaintiff's Amended Complaint asserts that Defendants retaliated against him by subjecting him to "unfair, unsafe working conditions," which were intended to "force [him] out of [his] employment and thus constructively discharge" him. [Doc. 19, p. 5]. Generally, to establish a claim for retaliation, Plaintiff must show: (1) statutorily

---

[8] Plaintiff's Amended Complaint doesn't clearly state the basis of his retaliation claim. As such, the Court assumes he intended to raise it under Title VII, since Eleventh Amendment immunity bars a claim for retaliation under the ADA. *See Marx v. Ga. Dep't of Corr.*, No. 7:12-cv-92-HL, 2013 WL 5347395, at *3 (M.D. Ga. Sept. 23, 2013).

protected expression; (2) an adverse employment action; and (3) a causal link between the protected expression and the adverse action. *Dixon v. Hallmark Cos.*, 627 F.3d 849, 856 (11th Cir. 2010).

Because Plaintiff's Amended Complaint only mentions a retaliatory constructive discharge as the only possible adverse employment action, Plaintiff must show that he labored under conditions "so intolerable that a reasonable person [in his position] would have been compelled to resign." *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003); *see also Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1527 (11th Cir. 1991) (requiring plaintiffs to show a "high degree of deterioration in an employee's working conditions" to show constructive discharge). In order to show that a reasonable person would have resigned under the circumstances, it only makes sense that Plaintiff himself must have resigned. *See Green v. Brennan*, 578 U.S. 547 (2016) ("We hold that [a constructive discharge] claim accrues only after an employee resigns."). However, Plaintiff's own Amended Complaint specifically and emphatically states that he did not resign; rather, he insists that he faxed documents to Defendants disputing that conclusion. [Doc. 19, p. 7]. Therefore, any claim for retaliatory constructive discharge fails.

    C.    **ADA and 42 U.S.C. § 1981**

Defendants argue that sovereign immunity bars Plaintiff's claims under the ADA and 42 U.S.C. § 1981. [Doc. 22, p. 11]. Plaintiff didn't respond with relevant legal

arguments or case citations. Instead, he simply argues for several pages that Defendants' immunity arguments are "ludicrous" and that a "[s]tate [g]overnment [or its entities] cannot claim [s]overeign [i]mmunity from being held accountable[.]" [Doc. 24, p. 5]. While Plaintiff may truly believe his assertions, such theories don't change current legal doctrine and precedent that the Court must follow.

It is well-established that the "Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). Absent a state's consent or waiver, Congress may explicitly abrogate Eleventh Amendment immunity—however, Congress must state that intention clearly and the act must be pursuant to a valid grant of Congressional authority. *See Bd. Tr. Univ. Alabama v. Garrett*, 531 U.S. 356 (2001).

As a prerequisite for invoking Eleventh Amendment immunity, it is clear that Defendants are an arm of the state and covered by Eleventh Amendment immunity. *See Stevens*, 864 F.2d at 115 ("The Eleventh Amendment bars this action against the Georgia Department of Corrections and Board of Corrections."). With that handled, the Court now moves to both assertions of immunity.

First, Eleventh Amendment immunity bars Plaintiff's § 1981 claims. *See McCurdy v. Ala. Disability Determination Svc.*, 753 F. App'x 784, 789 (11th Cir. 2018) ("[Congress] has not abrogated Eleventh Amendment immunity for claims brought under Section

1981."). Georgia has neither given consent nor waived its immunity for § 1981 claims. *See Alyshah v. Georgia*, 239 F. App'x 473 (11th Cir. 2007). Therefore, Plaintiff cannot bring a § 1981 suit against Defendants.

Second, in the ADA context, the Supreme Court held that Congress exceeded its authority in abrogating under Title I. *Garrett*, 531 U.S. at 356. Therefore, the Eleventh Amendment clearly bars any suit under Title I of the ADA without Georgia's explicit consent. Georgia has not given consent; therefore, Plaintiff cannot bring a Title I ADA claim. *See Gary v. Ga. Dep't of Hum. Res.*, 323 F. Supp. 2d 1368, 1372 (M.D. Ga. 2004).

Title II of the ADA is less clear; however, many courts have concluded that the logic of *Garrett*—that Title I of the ADA did not properly abrogate Eleventh Amendment immunity—would naturally extend to Title II, as well. *See Williams v. Hill*, No. 1:20-CV-0186-JPB-JSA, 2022 WL 907789, at *15 (N.D. Ga. 2022) (citing various cases); *see also Defee v. Allen*, No. 7:16-cv-231-WLS, 2018 WL 11251598, at *4 (M.D. Ga. May 24, 2018) ("it would be illogical to find that the Eleventh Amendment prohibits claims under Title I, but the same allegations and the same legal theory abrogate the state's immunity if brought under Title II."); *Stephens v. Ga. Dep't Transportation*, 134 F. App'x 320, 324 (11th Cir. 2005) ("Congress has not abrogated immunity for claims brought pursuant to § 1983, the ADEA, or the ADA."). Again, Georgia has not waived its immunity in this context. *See Rooks v. Altamaha Tech. Coll.*, No. CV206-72, 2007 WL 2331830, at *2 (S.D. Ga. Aug. 13, 2007) (discussing O.C.G.A. § 50-21-23(b) which

describes the limited circumstances where Georgia has waived its immunity).

Accordingly, the Court concludes that Eleventh Amendment immunity bars Plaintiff's

ADA Title I and II claims.

### D.     Georgia Fair Employment Practices Act

Plaintiff also fails to bring a viable FEPA claim because he has not exhausted all administrative remedies as required by Georgia law. Plaintiff argues in his Response [Doc. 24] that his Charge of Discrimination filed with the Equal Employment Opportunity Commission satisfies the requirement under FEPA, too. [Doc. 24, p. 4]. But, that's just not accurate.

Rather, before filing a FEPA claim in court, a plaintiff must bring a complaint to the Georgia Commission on Equal Opportunity ("GCEO"). O.C.G.A. § 45-19-36; *see also Solomon v. Hardison*, 746 F.2d 699, 704 (11th Cir. 1984) (discussing Georgia's administrative exhaustion requirements under O.C.G.A. § 45-19-36). Therefore, an EEOC charge and a FEPA complaint are not interchangeable—each is required to exhaust administrative remedies before bringing the respective suits in court. Even if the EEOC and GCEO have similar forms or procedures, "GCEO's exhaustion requirement must still be met to bring a state FEPA claim." *Pittman v. Bd. Regents Univ. Sys. Georgia*, No. 5:17-cv-177-MTT, 2017 WL 4638598, at *2 (M.D. Ga. Oct. 16, 2017). Further, "there is no language in the FEPA indicating that filing a complaint with the

EEOC substitutes the state administrative procedure for filing [a complaint] with the GCEO." *Id.*

Because Plaintiff failed to exhaust administrative remedies under GCEO's procedures, his FEPA claims are barred. *See Jackson v. Atlanta Pub. Sch.*, No. 1:20-cv-01056-SDG-LTW, 2020 WL 10147063, at *4 (N.D. Ga. Dec. 18, 2020).

### E.     Georgia Equal Employment for the Handicapped Code

Plaintiff's disability claims under GEEHC face a similar fate. This time, though, the applicable statute of limitations bars his claim. Georgia law clearly provides a 180-day window to bring suit regarding disability discrimination under the GEEHC. *See* O.C.G.A. § 34-6A-6(a); *Henrickson v. Sammons*, 434 S.E.2d 51, 51 (Ga. 1993); *Smith v. Loc. Union No. 1863*, 580 S.E.2d 566, 570 n.19 (Ga. App. 2003).

Plaintiff's injury occurred on May 24, 2019, and his employment ended around September 20, 2019.[9] [Doc. 24, p. 7]. Although his Amended Complaint does not clearly outline his claims for disability discrimination, most of the dates surrounding both his injury and termination of employment occurred in 2019. No matter when the specific date of the supposed discrimination occurred, Plaintiff's Amended Complaint shows he missed the 180-day statute of limitations. Plaintiff filed his initial Complaint [Doc. 1] on December 28, 2021. Thus, to fall within the 180-day window, the discriminatory act in

---

[9] As mentioned earlier, Plaintiff's Amended Complaint fails to show exactly how his employment ended. The Court is only left to assume that he did not return to work after his four absences.

16

question must have occurred after July 1, 2021. Plaintiff's Amended Complaint lacks any date that falls in that timeframe.

Therefore, Plaintiff's GEEHC claims lack any merit. *See Humphreys v. Riverside Mfg. Co.*, 311 S.E.2d 223 (Ga. App. 1983).

### F. Fourteenth Amendment

Plaintiff's final claim attempts to bring a direct Fourteenth Amendment action against Defendants. But there's no such claim. In order to recover for an alleged Constitutional violation, a plaintiff must bring his claim under 42 U.S.C. § 1983, which, as the Eleventh Circuit explained, Congress intended "to be a substitute for direct recovery under the Constitution[.]" *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982).[10] Therefore, § 1983 precludes "direct constitutional action under the [. . .] Fourteenth Amendment against state officials." *Id.* Accordingly, Plaintiff cannot bring a separate Fourteenth Amendment claim.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss [Doc 22]. Consequently, the Court **DISMISSES** Plaintiff's Amended Complaint [Doc. 19].

**SO ORDERED**, this 23rd day of September, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[10] In his initial Complaint, Plaintiff tried to bring a § 1983 claim. However, the Court determined the claim was frivolous because Defendants are not "persons" who may be sued under § 1983. *See* [Doc. 3, p. 8].