# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JUSTIN LASTER,**  *Plaintiff*,  v.  **GEORGIA DEPARTMENT OF CORRECTIONS,**  *Defendant*. | **CIVIL ACTION NO. 5:21-cv-00464-TES** |

## ORDER

On April 1, 2025, the United States Court of Appeals for the Eleventh Circuit issued an Order [Doc. 62] remanding this action for the limited purpose of determining if Plaintiff Justin Laster is entitled to relief under Federal Rule of Appellate Procedure 4(a)(6).

As a procedural primer, the Court entered its summary-judgment Order [Doc. 52] on September 24, 2024. Then, on September 25, 2024, the Clerk of Court entered Judgment [Doc. 53]. Also on September 25, a Deputy Clerk of Court entered a "CLERK'S CERTIFICATION OF SERVICE" noting that she mailed the Court's Order and Judgment to Laster.

On October 30, 2024, Laster filed—directly with the Eleventh Circuit—a Motion for Recusal, which the Circuit initially construed as a Petition for Writ of Mandamus.

[Doc. 62, p. 1]. In that filing, Laster contended that he never received the Court's Order or Judgment, and did not receive notice of those filings until he received a Bill of Costs [Doc. 54] on October 27, 2024. *See* Affidavit, *Laster v. Dep't of Corrs.*, No. 24-13591 (11th Cir. Oct. 30, 2024), ECF No. 1-2. The Circuit denied Laster's Motion to Proceed *In Forma Pauperis* and later dismissed that case for want of prosecution. [Doc. 62, p. 1].

Separately, on November 22, 2024, Laster filed a Notice of Appeal [Doc. 57], which resulted in an additional case being opened at the Circuit. The Circuit then issued a jurisdictional question and, following the responses, dismissed the November appeal as untimely, but vacated the earlier dismissal of Laster's construed mandamus action. [Doc. 62, p. 3]. The Circuit construed Laster's initial direct filing as a notice of appeal and request to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6). In that Order, the Circuit also directed this Court to make a limited-remand finding regarding Laster's entitlement to relief under Rule 4(a)(6). [*Id.*].

The Court ordered the parties to provide briefs (accompanied by any evidence or affidavits) to assist the Court in its decision by April 16, 2025. [Doc. 63]. Defendant Georgia Department of Corrections ("GDOC") filed a timely Response [Doc. 65] asking the Court to deny Laster's construed request. The Court received Laster's Response [Doc. 66] on April 25, 2025.[1]

---

[1] Laster's Response was due to the Court on or before April 16, 2025. Because Laster is *pro se* and was served the Order via mail, he received a three-day grace period. *See* Fed. R. Civ. P. 6(d). That means the new deadline became April 19, 2025, which fell on a weekend—so Laster's ultimate deadline was April

2

## **LEGAL STANDARD**

Federal Rule of Appellate Procedure 4(a)(6) provides that:

The district court ***may***[2] reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added). On the first prong, Laster bears the burden of establishing "non-receipt or delayed receipt of notice." *Watkins*, 733 F. App'x at 994; *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002) ("The burden of proving non-receipt . . . of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6).").

---

21, 2025. *See* Fed. R. Civ. P. 6(a). Regardless, Laster's Response didn't reach the Court until April 25—after the deadline.

Sure, Laster mailed his Response one day before the Order's deadline, but that isn't the standard. That's because "[f]or *pro se*, non-attorney filings in this Court (except in cases involving *pro se* prisoners), papers are considered filed when received in the Clerk's office—not when they are mailed." *McKinley v. Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C.*, No. 1:18-CV-3699-LMM-JKL, 2019 WL 13276098, at *4 (N.D. Ga. Apr. 18, 2019); *Tucker v. United States*, 724 F. App'x 754, 757 (11th Cir. 2018); *Jacobs v. Clayton Cnty. Solic. Gen. Off.*, 685 F. App'x 824, 826 (11th Cir. 2017).

[2] *See Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 994 (11th Cir. 2018) ("Even if all three prongs are met, . . . a district court may, in its discretion, deny a motion to reopen."); *Bazemore v. United States*, 292 F. App'x 873, 875 (11th Cir. 2008) ("By the rule's terms, the preconditions—if satisfied—merely authorize the district court to exercise its discretion about whether to extend the time for filing an appeal.").

The second prong is self-explanatory.

The third prong, however, requires a party to show prejudice above the "cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." *Holston v. Mora*, No. 22-12808, 2024 WL 3100779, at *2 (11th Cir. June 17, 2024) (citing the advisory committee notes to Fed. R. App. P. 4(a)(6)). Such prejudice can be shown "for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." *Id.*

## DISCUSSION

As noted, the Court entered its Order on September 24, 2024, and its Judgment on September 25, 2024. As construed by the Eleventh Circuit, Laster filed a Motion to Reopen the Appeal Period on October 30, 2024—three days after he reported receiving notice of the Court's Order and Judgment. [Doc. 62, pp. 2–3].

First, the Court must determine if Laster received proper notice—within 21 days—of the Court's Order and Judgment. As outlined above, on September 25, the same day as the entry of Judgment, a Deputy Clerk of Court entered a "CLERK'S CERTIFICATION OF SERVICE" noting that she mailed the Court's Order and Judgment to Laster at the address on file.

**Notice of Electronic Filing**

The following transaction was entered on 9/25/2024 at 10:31 AM EDT and filed on 9/25/2024
**Case Name:**      LASTER v. GEORGIA DEPARTMENT OF CORRECTIONS et al
**Case Number:**   5:21-cv-00464-TES
**Filer:**
**WARNING: CASE CLOSED on 09/25/2024**
**Document Number:** No document attached

**Docket Text:**
**CLERK'S CERTIFICATION OF SERVICE** I certify that on this date I have mailed by United States Postal Service a copy of [53] Judgment, [52] Order on Motion for Summary Judgment,

4

5:21-cv-00464-TES On this date, a copy of this document, including any attachments, has been mailed by United States Postal Service to any non CM/ECF participants as indicated below:
JUSTIN LASTER
2014 ARMORY DRIVE
AMERICUS, GA 31719

The Court did not receive a returned or rejected notice from the United States Postal Service. Therefore, there is a rebuttable presumption that "an item properly mailed was received by the addressee." *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996).[3] "The mere denial of receipt, without more, is insufficient to rebut the presumption." *In re Farris*, 365 F. App'x 198, 200 (11th Cir. 2010).

Here, Laster does not dispute that he received numerous other filings from the Court. *See, e.g.*, [Doc. 55-1, pp. 7–8]. Instead, Laster asserts only that he did not receive the Court's Order and Judgment. *Cf. Zhang v. Publix Ormond Towne Square*, No. 6:22-CV-1961-PGB-EJK, 2023 WL 1514150, at *1 (M.D. Fla. Feb. 3, 2023) (considering that a plaintiff had not disputed receiving other documents filed in the case and concluding that "without more, Plaintiff's outright denial of receipt is insufficient to rebut the presumption"). But, Laster did not include an affidavit or other probative evidence showing that he did not receive the Court's mailings. Indeed, Laster included evidence that he received other mail from the Court—but that does not prove that he didn't receive the mail at issue here. *See* [Doc. 66-1]; [Doc. 66-2]; [Doc. 66-3]; [Doc. 66-4]; [Doc. 66-5].

---

[3] Laster's address—which the Court used to mail the Order and Judgment—is the same address he continues to use for filings. *See, e.g.*, [Doc. 55-1, p. 9]. Therefore, Laster does not—and cannot—contend that the Court used the wrong address.

5

Even considering Laster's untimely Response doesn't help his case. Indeed, Laster largely used his Response to disparage the Deputy Clerk that the Court referred to in its earlier Order, and to argue that it was "impossible" for the Deputy Clerk to mail out the Order and Judgment on the same day that she made the notation. [Doc. 66, p. 1]. But, to be clear, Laster's own evidence disproves his point. *See, e.g.*, [Doc. 66-1 (showing a docket entry **entered and mailed** on August 6, 2024, as evidenced by the postmark)]; [Doc. 66-2 (showing a docket entry **entered and mailed** on September 4, 2024)]; [Doc. 66-3 (showing a docket entry **entered and mailed** on September 6, 2024)]; [Doc. 66-4 (showing a docket entry **entered and mailed** on November 22, 2024)]; [Doc. 66-5 (showing a docket entry **entered and mailed** on November 26, 2024)].

In the end, Laster's construed request fails to present evidence to overcome the presumption[4] that the Clerk's properly addressed mailing of the Court's Order and Judgment reached him within 21 days of the entry of those filings. Fed. R. App. P. 4(a)(6)(A).

## CONCLUSION

Based upon the foregoing, the Court finds that Laster does not qualify for relief under Federal Rule of Appellate Procedure 4(a)(6). Even assuming Laster did qualify

---

[4] And, importantly, it was Laster's burden to "produce other probative ***evidence*** to rebut the presumption that the order was properly mailed and delivered." *Watkins*, 733 F. App'x at 995 (emphasis added). Laster's unsworn statements in his request and Response brief are not probative evidence. [Doc. 55-1, p. 7]; *cf. Harris v. Wells Fargo Bank N.A.*, No. 24-11138, 2024 WL 3532441, at *1 (11th Cir. July 25, 2024) ("[T]he parties' unsworn statements in their . . . responses are not evidence."); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *see also* 28 U.S.C. § 1746.

for relief, under these circumstances, the Court exercises its broad discretion and **DENIES** Laster's construed request for relief under Rule 4(a)(6). *See Watkins*, 733 F. App'x at 994; *Bazemore*, 292 F. App'x at 875.

The Clerk of Court is **DIRECTED** to resubmit the record of this case, including all filings since the Circuit's limited-remand Order [Doc. 62], to the United States Court of Appeals for the Eleventh Circuit.

**SO ORDERED**, this 28th day of April, 2025.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
